UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER D. SAMMONS, CDCR #F-17684,<br><br>                           Plaintiff,<br><br>vs.<br><br>DANIEL PARAMO, Warden of R. J. Donovan Correctional Facility,<br><br>                           Defendants. | Case No.: 3:18-cv-00614-CAB-NLS<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

**I.    Procedural History**

On March 26, 2018, Alexander Sammons ("Plaintiff"), currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California, and proceeding pro se, filed this civil rights action (ECF No. 1), together with a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

/ / /

On May 15, 2018, this Court GRANTED Plaintiff's Motion to Proceed IFP and simultaneously DISMISSED his Complaint for failing to state a claim upon which relief could be granted. (ECF No. 5.) Plaintiff was granted leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. (*Id.*) On June 26, 2018, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 7.)

**II.  Sua Sponte Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

  A.  Standard of Review

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his FAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. Nov. 9, 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.  Plaintiff's Allegations

On April 2, 2017, Plaintiff "exited the building he lived in and began walking towards the C-yard facility chow hall." (FAC at 3.) When two inmates began to argue, Plaintiff decided to "separate" himself and "walked across a small area of grass." (*Id.*) Plaintiff "fell in an unseen hold that was covered up by overgrown grass." (*Id.*) When Plaintiff tried to stand up, he heard "3 loud pops" and "collapsed." (*Id.*) Two inmates "ran back to Building 12 to get Officers c/o K. Juarez and c/o Zakaryan[1]." (*Id.* at 3-4.) Juarez and Zakaryan "called medical" and Plaintiff was taken to the "Central Treatment Center." (*Id.* at 4.)

Plaintiff was given medication and "sent back to his cell after briefly being seen by a nurse." (*Id.*) Plaintiff was later given an x-ray that "showed nothing." (*Id.*) Later, Plaintiff was given an MRI and the results showed "serious injury" to Plaintiff's knees. (*Id.*)

Several weeks following Plaintiff's accident, he claims he was told by Juarez and Zakaryan "that's why you should have kept you [expletive] on the concrete, don't go in places you don't belong." (*Id.*) Plaintiff also alleges that Zakaryan told him that "there used to be an orange cone on the top of the hole Plaintiff fell in." (*Id.* at 4-5.)

---

[1] Neither Juarez nor Zakaryan are named Defendants in this action.

C.  Personal Causation

First, the Court finds, once again, that Plaintiff's FAC requires sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(1) and § 1915A(b)(1) to the extent it seeks relief under § 1983 against Warden Paramo, the only named Defendant. "To state a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law." *Campbell v. Washington Dep't of Soc. Servs.*, 671 F.3d 837, 842 n.5 (9th Cir. 2011), citing *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987). The FAC contains no factual allegations describing what Defendant Paramo did, or failed to do. To the extent Plaintiff seeks to hold him liable for the actions of his subordinates, there is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). Rather, "deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 563 U.S. 51, 62 (2011) ("A less stringent standard of fault for a failure-to-train claim 'would result in de facto respondeat superior liability on municipalities . . . .'"), quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 392 (1989).

"The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988), citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986); *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim.") A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff has not stated a claim against Defendant Paramo because he has failed to allege facts regarding

what actions were taken or not taken by the Defendant which caused the alleged constitutional violations. *See Canton*, 489 U.S. at 385 ("*Respondeat* superior and vicarious liability will not attach under § 1983."), citing *Monell*, 436 U.S. at 694-95.

   D.   Eighth Amendment claims

Plaintiff alleges "Defendant Paramo failed to protect the health and safety of inmates under his watch" in violation of the Eighth Amendment. (FAC at 8.) "The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).

However, not every injury sustained while in prison rises to the level of cruel and unusual punishment. *See Osolinski v. Kane*, 92 F.3d 934, 936-37 (9th Cir. 1996). Instead, a prisoner claiming an Eighth Amendment violation must allege: (1) that the deprivation he suffered was "objectively, sufficiently serious" and (2) that prison officials were deliberately indifferent to his health or safety in allowing the deprivation to take place. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted).

As currently pleaded, however, Plaintiff's FAC fails to "contain sufficient factual matter," *Iqbal*, 556 U.S. at 678, to show that the conditions in the prison's yard were so objectively serious as to deprive him of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Wilson v. Seiter*, 501 U.S. 294, 298-300 (1991). Minor safety hazards do not violate the Eighth Amendment. *See Osolinski*, 92 F.3d at 938 (citing *Tunstall v. Rowe*, 478 F. Supp. 87, 89 (N.D. Ill. 1979) (greasy staircase which caused a prisoner to slip and fall did not violate the Eighth Amendment).

Moreover, Plaintiff fails to provide any "further factual enhancement," *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557), which might show that any individual prison official acted with conscious disregard to any "known or excessive risk to inmate health and safety" in the prison yard. *Farmer*, 511 U.S. at 837. To be deliberately indifferent, "the official must be both aware of facts from which the inference could be

drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. (emphasis added); *see also Wilson*, 501 U.S. at 302-303. There are no specific factual allegations that Defendant Paramo had any knowledge of the maintenance issue raised in Plaintiff's FAC.

Here, the Court finds that Plaintiff has failed to state plausible Eighth Amendment violation as to his prison conditions, and that this claim must be dismissed sua sponte pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

Accordingly, Plaintiff's Amended Complaint must be dismissed in its entirety for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004. The Court also finds that Plaintiff's FAC is nearly identical to his original Complaint and it does not appear that Plaintiff made any significant attempt to correct the deficiencies of pleading identified in the Court's May 15, 2018 Order. Therefore, because Plaintiff has already been provided an opportunity to amend his claims to no avail, the Court denies further leave to amend as futile. *See Gonzalez v. Planned Parenthood*, 759 F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of ... leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).

## III. Conclusion and Order

For the reasons discussed, the Court finds Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted and **DISMISSES** this civil action without further leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

///
///
///
///

1  The Court further **CERTIFIES** that an IFP appeal of this Order of dismissal would
2  not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United
3  States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977)
4  (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be
5  frivolous).

6  The Clerk is **DIRECTED** to close the file.

7  **IT IS SO ORDERED**.

8  Dated: July 27, 2018

   Hon. Cathy Ann Bencivengo
   United States District Judge